IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARICO FERRICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 25-CV-100-JFJ |
| | ) |
| CITY OF TULSA, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court are (1) Defendant City of Tulsa's Motion to Dismiss (ECF No. 9) and (2) Plaintiff Marico Ferrick's Opposed Motion to Add Party Defendant (ECF No. 17). The parties have consented to a magistrate judge presiding over the case. ECF No. 12. The Court combines decision on both motions in this Opinion and Order.

**I.    Factual Background**

The following relevant facts are alleged in the Petition (ECF No. 9-1). Plaintiff Marico Ferrick ("Plaintiff") is an individual residing in Tulsa County, Oklahoma. Pet. ¶ 3. Officer Timothy Lewandowski ("Officer Lewandowski") was employed by the City of Tulsa ("City") as a law enforcement officer in 2019. *Id.* ¶¶ 2, 7. On September 25, 2019, Officer Lewandowski conducted a traffic stop of Plaintiff based on a non-working vehicle taillight. *Id.* ¶ 10. Plaintiff alleges his taillights were, in fact, properly functioning at the time of the traffic stop. *Id.* ¶ 11. According to the Petition, City falsely told a news station that Plaintiff's car was stopped in the middle of the road, when it was actually parked at an apartment complex. *Id.* ¶¶ 12-13. Plaintiff alleges Officer Lewandowski approached Plaintiff's vehicle aggressively with his gun drawn, pointing it at Plaintiff while yelling commands. *Id.* ¶ 14. Plaintiff alleges City falsely told a news station that Plaintiff failed to obey Officer Lewandowski's commands, and that footage from a

body camera worn by Officer Lewandowski ("body cam") shows that Plaintiff actually obeyed all commands. *Id.* ¶¶ 15-16.  Specifically, Plaintiff alleges that City falsely told the news station that Officer Lewandowski saw a driver's license belonging to a retired Tulsa Police Department officer; that Plaintiff acted aggressively, resisted the officer, head-butted, and spat on him; and that Officer Lewandowski had to deploy pepper spray in Plaintiff's face to get him handcuffed. *Id.* ¶¶ 17, 19-20.  Plaintiff alleges that, in fact, body cam footage shows Officer Lewandowski not spotting a TPD officer's driver's license; Plaintiff not resisting or head-butting Officer Lewandowski; Plaintiff allowing Officer Lewandowski to cuff him; Officer Lewandowski choking Plaintiff while cuffed; and Officer Lewandowski spraying pepper spray in Plaintiff's face while handcuffed, causing Plaintiff to spit the pepper spray out of his mouth. *Id.* ¶¶ 22-25.

Plaintiff was charged in Tulsa County District Court with the crimes of (1) assault and battery upon a police officer, in violation of Okla. Stat. tit. 21, § 649B; (2) resisting an officer, in violation of Okla. Stat. tit. 21, § 268; (3) possession of controlled drug without a prescription, in violation of Okla. Stat. tit. 63, § 2-402 A1; (4) driving without a driver's license, in violation of Okla. Stat. tit. 47, § 6-303(A); (5) failure to carry insurance/security verification form, in violation of Okla. Stat. tit. 47, §§ 7-602.1, 7-606(A)1; and (6) improper tail lamps, in violation of Okla. Stat. tit. 47, § 12-204.  ECF No. 9-2 (docket sheet in *State of Oklahoma v. Ferrick*, No. CF-2019-4664 (Tulsa County).[1]  All counts were dismissed on December 11, 2019, due to the prosecution witness' failure to appear. *Id.*

On May 21, 2021, Plaintiff filed a civil petition against City in Tulsa County District Court, based on the above-described events ("Dismissed Petition").  ECF No. 9-3 (Petition in Tulsa County Case No. CJ-2021-01494).  In the Dismissed Petition, Plaintiff asserted state-law claims

---

[1] The Court may take judicial notice of Plaintiff's criminal docket sheet and other public records. *See State Farm Mut. Auto. Ins. Co. v. Boellstorff*, 540 F.3d 1223, 1226 n.7 (10th Cir. 2008).

for (1) negligent performance of a law enforcement function under the Oklahoma Governmental Tort Claims Act ("OGTCA") and (2) statutory excessive force, under Okla Stat. tit. 22, § 34.1(b) and the OGTCA. *Id.* ¶¶ 30-34. This lawsuit was dismissed without prejudice for failure to prosecute on July 2, 2024. ECF No. 9-4 (docket sheet in Tulsa County Case No. CJ-2021-01494).

Plaintiff then filed this pending case against City in Tulsa County District Court on February 10, 2025, asserting seven causes of action, based on the same operative facts as in the Dismissed Petition: (1) False Arrest under 42 U.S.C. § 1983; (2) Excessive Force (Municipal Custom and Policy) under 42 U.S.C. § 1983; (3) Negligent Training and Supervision under 42 U.S.C. § 1983; (4) Negligence; (5) False Arrest under common law; (6) Malicious Prosecution under common law; and (7) Malicious Prosecution under 42 U.S.C. § 1983. ECF No. 9-1 (Petition) at ¶¶ 27-64. Plaintiff relies on the Oklahoma Savings Statute, Okla. Stat. tit. 12, § 100, for the timeliness of his claims. City removed the case to this Court on March 3, 2025. ECF Nos. 2, 8.

## II.   Motion to Dismiss (ECF No. 9)

City seeks dismissal of five claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] City contends that four of Plaintiff's seven claims are barred by the relevant statutes of limitations, and the Oklahoma Savings Statute does not preserve them. City further argues that Plaintiff's negligence claim, while timely, should be dismissed for failure to allege sufficient facts.

### A.   General Legal Standards – Rule 12(b)(6)

In considering a Rule 12(b)(6) motion, the court must accept all well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the nonmoving party. *See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1284 (10th Cir. 2008).

---

[2] City's Motion to Dismiss is styled as a request to dismiss Plaintiff's entire Petition. City argued in the motion that all counts except Count IV (negligence) were untimely. However, in its Reply brief, City concedes that Counts II (excessive force) and III (negligent training and supervision) are timely. ECF No. 18 at 3.

3

A court must then determine whether these accepted facts state a facially "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (internal quotations omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* at 678 (cleaned up). As part of this analysis, the Court may consider the timeliness of Plaintiff's claims. *See Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1096 (10th Cir. 2009) (explaining that if a complaint's allegations show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim).

### B. All Challenged Claims Arise from Facts Alleged in Dismissed Petition for Purposes of Oklahoma Savings Statute

Plaintiff filed this lawsuit pursuant to the Oklahoma Savings Statute. That statute provides:

> If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff, or, if he should die, and the cause of action survive, his representatives may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.

Okla. Stat. tit. 12, § 100. It is undisputed that Plaintiff filed this case within one year of dismissal of his prior action in Tulsa County court, which was based on the same events and against the same defendant. City argues, however, that four of Plaintiff's seven counts are untimely, because they were not asserted in the Dismissed Petition and the statute of limitations has since expired. City contends that any newly added causes of action should therefore be dismissed with prejudice.

4

The Oklahoma Savings Statute "preserve[s] the right to commence a new action for the same causes as in the original action." *Wiley Elec., Inc. v. Brantley*, 760 P.2d 182, 184 (Okla. 1988). For this purpose, "causes of action" are defined by a "transactional approach." *Id.*[3] "The operative event that underlies a party's claim delineates the parameters of his cause of action." *Chandler v. Denton*, 741 P.2d 855, 863 (Okla. 1987). This approach "ensures that litigants will be able to assert different theories of liability without violating the purposes of the statute of limitations," and it ensures "that a party has notice of a claim against him within a statutory period of time and adequate opportunity to prepare his case before potential evidence is lost or becomes stale." *Id.* To satisfy this requirement, "a plaintiff must allege the operative events upon which he relies for his theories of recovery within the time period prescribed by the applicable statute," which puts the responsive party "*on notice of the factual setting* underlying the legal demands pressed against him" and does not prejudice that party "if the plaintiff, at a later time, adds any new theory of liability which rests upon the very same operative events." *Id.*

Applying this transactional approach, the Court finds that the Petition relies on the same operative events as the Dismissed Petition. City does not argue otherwise. City argues instead that the new causes of action should be dismissed because they were not asserted in the Dismissed Petition. But this argument is inconsistent with the "transactional approach" to causes of action, as articulated in *Chandler* and *Wiley*. The Court rejects City's rigid approach to applying the Oklahoma Savings Statute as inconsistent with Oklahoma case law interpreting the statute.

---

[3] City block-quoted *Wiley* in discussing Oklahoma's interpretation of § 100 but left out the "transactional approach" language section of the block quote by using ellipses. ECF No. 9 at 3. To the extent this exclusion was intended to mislead the Court as to the proper application of § 100 under controlling Oklahoma law, the Court does not condone such conduct.

The challenged claims are timely under the Oklahoma Savings Statute, unless the appropriate statute of limitations had expired when Plaintiff first filed the Dismissed Petition on May 21, 2021, which is addressed in the next two sections.

**C.     Challenged Claims Filed Under 42 U.S.C. § 1983 Are Timely**

City challenges the timeliness of two of Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 – false arrest and malicious prosecution. "Section 1983 does not contain a statute of limitations, and the Tenth Circuit has held that a § 1983 claim arising in Oklahoma is governed by the two-year statute of limitations for 'injury to the rights of another, not arising out of contract' under Okla. Stat. tit. 12, § 95(3)." *Johnson v. City of Tulsa*, No. 12-CV-0481-CVE-FHM, 2012 WL 6153745, at *3 (N.D. Okla. Dec. 11, 2012) (quoting *Meade v. Grubbs,* 841 F.2d 1512, 1522-23 (10th Cir. 1988)).

**1.     False Arrest (Count I)**

Here, Plaintiff's § 1983 claim for false arrest was filed within two years of filing the Dismissed Petition. A Fourth Amendment claim for false arrest accrues either on the date the alleged false imprisonment ends or on the date legal process is instituted, "when, for example he is bound over by a magistrate or arraigned on charges." *Mondragon v. Thompson,* 519 F.3d 1078, 1082–83 (10th Cir.2008) (quoting *Wallace v. Kato,* 549 U.S. 384, 389 (2007)) (quotation marks omitted). Here, a Tulsa County judge in Plaintiff's criminal case found probable cause for the charges against him on October 10, 2019. *See* ECF No. 9-5 (Certified Affidavit and Finding of Probable Cause in Tulsa County Case No. CF-19-4664).[4] Therefore, the statute of limitations had not yet expired for Plaintiff's Fourth Amendment false arrest claim on May 21, 2021, when

---

[4] The Court takes judicial notice of this document as a public filing in Plaintiff's criminal case, for purposes of determining accrual of Plaintiff's claims. As explained below in Part VII, however, the Court does not accept the contents of the Certified Affidavit as true for purposes of this motion.

Plaintiff filed the Dismissed Petition. Based on the date of the filing of the Dismissed Petition and the Oklahoma Savings Statute, this claim was timely filed in the Petition.

### 2. Malicious Prosecution (Count VII)

This claim was also filed within two years of filing the Dismissed Petition. A malicious prosecution claim under § 1983 accrues when the original criminal action is terminated in Plaintiff's favor. *See Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 560 (10th Cir. 1999) (finding that, because plaintiff's malicious prosecution claim "did not arise until the [criminal] charge was dismissed and [the] complaint was filed less than two years later, [it is] not barred by the statute of limitations"). All charges in Plaintiff's criminal case were dismissed on December 11, 2019. *See* ECF No. 9-2 (docket sheet in *State of Oklahoma v. Ferrick*, No. CF-2019-4664 (Tulsa County)). Plaintiff's Dismissed Petition was filed within two years of that date, on May 21, 2021. Pursuant to the Oklahoma Savings Statute, this claim was timely filed in the Petition.

### D. Challenged State Law Claims Are Untimely[5]

### 1. False Arrest (Count V)

The common law tort of false arrest does not have a specified statute of limitations. Oklahoma courts have found a one-year statute of limitations, which is applicable to false imprisonment claims under § 95(4), also applies to false arrest. *See* Okla. Stat. tit. 12, § 95(4) (mandating one-year limitations period for actions "for libel, slander, assault, battery, malicious prosecution, or false imprisonment"); *Belflower v. Blackshere,* 281 P.2d 423, 425 (Okla. 1955) (recognizing that one-year limitations period applies to tort of "illegal arrest"); *see also Alsup v. Skaggs Drug Center,* 223 P.2d 530, 533 (Okla. 1950) ("false arrest and false imprisonment as

---

[5] Plaintiff appears to concede that both these challenged state law claims are untimely. ECF No. 15 at 18. The Court conducts the timeliness analysis here out of an abundance of caution, because the dismissal of these claims is with prejudice.

causes of action are indistinguishable"); *Craig v. City of Hobart,* No. CIV-09-53-C, 2010 WL 680857, *2 (W.D. Okla. 2010) (dismissing false arrest claim filed more than one year after it accrued, citing *Belflower* and *Alsup*).[6] Under Oklahoma law, Plaintiff's common law false arrest claim accrued when his imprisonment based on the false arrest ended. *See Belflower*, 281 P.2d at 425 (holding that a cause of action for illegal arrest accrued when the plaintiff was released from his alleged illegal restraint and not when the arrest proceedings terminated).

According to the docket sheet in Plaintiff's criminal case, a bond was posted on those charges on September 27, 2019. *See* ECF No. 9-2 (docket sheet in *State of Oklahoma v. Ferrick*, No. CF-2019-4664 (Tulsa County)). The Dismissed Petition was filed more than one year after this date, on May 21, 2021. Because this claim was not timely as of the filing date of the Dismissed Petition, the Oklahoma Savings Statute does not preserve the false arrest claim in the Petition. This claim must be dismissed with prejudice as untimely.

### 2. Malicious Prosecution (Count VI)

Like the false arrest claim, the common law tort of malicious prosecution holds a one-year limitations period. *See* Okla. Stat. tit. 12, § 95(4) (mandating one-year limitations period for actions "for libel, slander, assault, battery, malicious prosecution, or false imprisonment"). A common law malicious prosecution claim accrues when the underlying proceeding terminates with prejudice in the plaintiff's favor. *See generally Greenberg v. Wolfberg*, 890 P.2d 895, 904 (Okla. 1994) (addressing accrual of malicious prosecution claims under Oklahoma law).

All charges in Plaintiff's criminal case were dismissed on December 11, 2019. *See* ECF No. 9-2 (docket sheet in *State of Oklahoma v. Ferrick*, No. CF-2019-4664 (Tulsa County)). Plaintiff's Dismissed Petition, filed on May 21, 2021, was filed outside the one-year period for

---

[6] City incorrectly states that the common law false arrest claim is subject to a two-year statute of limitations. ECF No. 9 at 5.

bringing a common law malicious prosecution claim. Because this claim was not timely as of the filing date of the Dismissed Petition, the Oklahoma Savings Statute does not preserve the malicious prosecution claim in the Petition. This claim must be dismissed with prejudice as untimely.

**E.     Negligence Claim (Count IV) Is Sufficiently Alleged Under Rule 12(b)(6)**

Plaintiff asserts a claim for negligence, alleging that City "owed a duty to the Plaintiff to conduct traffic stops and execute arrests in a reasonable manner," and it "negligently breached its duty because it had no reasonable basis for believing that the Plaintiff may have committed a crime." Pet. ¶¶ 47-48. Plaintiff alleges that, as a "direct and proximate result of [City's] negligence, Plaintiff suffered damages."

City contends that these allegations fail to state a claim for relief.[7] To state an Oklahoma negligence claim, the plaintiff must show the defendant owed him a duty of care, which the defendant breached and thereby caused damage to the plaintiff. *See Morales v. City of Oklahoma City ex rel. Oklahoma City Police Dep't*, 230 P.3d 869, 878 (Okla. 2010). City does not dispute that it, through Officer Lewandowski, owed a duty of care to Plaintiff, an arrestee, to protect Plaintiff from arrest without probable cause and from injury incident to the arrest. City also does not dispute that Plaintiff has sufficiently alleged that City caused Plaintiff's injuries through Officer Lewandowski's actions. City challenges Plaintiff's factual allegations on the element of breach of the duty of care.

The Court finds that Plaintiff has alleged sufficient facts in the Petition, read as a whole, to plausibly state a claim that City negligently breached a duty to Plaintiff, with regard to both

---

[7] The header for this section in City's brief states that the "entire petition" should be dismissed for failure to comply with federal pleading standards. ECF No. 9 at 5. However, City does not make any specific arguments for Rule 12(b)(6) dismissal based on deficient pleading of any claims other than the negligence claim in Count IV. The Court therefore reads City's briefing in this section to apply only to the Count IV negligence claim and does not address sufficiency of pleading related to any other claim.

9

probable cause and use of excessive force. A police officer conducting an arrest has a duty both to have probable cause for the arrest and "to use only such force in making an arrest as a reasonably prudent police officer would use in light of the objective circumstances confronting the officer at the time of the arrest." *Morales v. City of Okla. City ex rel. Okla. City Police Dep't*, 230 P.3d 869, 880 (Okla. 2010).[8] The Petition alleges that Officer Lewandowski stopped Plaintiff for a false reason, which was a non-violent offense of a vehicle taillight not properly functioning. Plaintiff further alleges Officer Lewandowski falsely stated Plaintiff was stopped in the roadway, when he was actually stopped in a parking lot. Plaintiff alleges he obeyed all of Officer Lewandowski's commands, and Officer Lewandowski fabricated reasons for using force against him in effecting arrest. Plaintiff alleges he cooperated in being handcuffed, but Officer Lewandowski nonetheless choked Plaintiff and sprayed Plaintiff's face with pepper spray while he was handcuffed. Plaintiff alleges body cam footage confirms Plaintiff's account of events. Plaintiff's allegations, taken as true, plausibly state that that Officer Lewandowski lacked probable cause to stop and arrest Plaintiff, and that Officer Lewandowski's use of force against Plaintiff was unreasonable under the circumstances. *See generally Morris v. City of Tulsa*, No. 19-CV-0073-CVE-JFJ, 2019 WL 7373035, at *7 (N.D. Okla. Dec. 31, 2019) (applying *Morales* factors to Oklahoma negligence claim alleged against officers in effecting arrest).

City argues that Plaintiff fails to state a claim for breach of the duty of care, because the Certified Affidavit supporting Plaintiff's arrest (ECF No. 9-5) ("Affidavit") contradicts Plaintiff's

---

[8] In evaluating the objective reasonableness of an officer's use of force in making an arrest, the Court may consider various factors, including: (1) the severity of the crime of which the arrestee is suspected; (2) whether the suspect poses an immediate threat to the safety of the officers or others, (3) whether the suspect is actively resisting arrest or attempting to evade arrest; (4) the known character of the arrestee; (5) the existence of alternative methods of accomplishing the arrest; (6) the physical size, strength and weaponry of the officers compared to those of the suspect; and (7) the exigency of the moment. *Morales*, 230 P.3d at 880.

allegations that such a breach occurred.[9]  City appears to ask the Court to accept the facts contained in the Affidavit as true for purposes of this motion to dismiss, thereby warranting dismissal of the negligence claim.  The Court rejects City's request.  As explained above, the Court takes judicial notice of the Affidavit as a publicly filed document in Plaintiff's criminal case.  However, the Court does not accept the contents of the Affidavit as true, where they are directly contradicted by Plaintiff's allegations in the Petition.  On a motion to dismiss, the Court must accept *Plaintiff's* well-pleaded allegations as true.  Plaintiff alleges in the Petition that the material facts stated in the Affidavit are contradicted by body cam footage.  Plaintiff therefore alleges facts supporting a contradictory version of the events described in the Affidavit.[10]

City's motion to dismiss the negligence claim is denied.

### III.     Motion to Add Party Defendant (ECF No. 17)

Plaintiff seeks to amend his Petition to add Officer Lewandowski as a party defendant, and City objects.  Plaintiff admits that all relevant statutes of limitations expired as to claims against Officer Lewandowski.  However, Plaintiff seeks to have the amendment "relate back" to the 2021

---

[9] The Affidavit, which was completed by a different officer than Officer Lewandowski, states in relevant part that: (1) Officer Lewandowski observed no functioning rear taillights on Plaintiff's stopped car in the roadway, which prompted the traffic stop; (2) Officer Lewandowski observed the OK driver's license of a retired TPD officer in Plaintiff's car; (3) Plaintiff resisted arrest by refusing to give Officer Lewandowski his wrist; (4) Plaintiff attempted to head butt Officer Lewandowski, causing Officer Lewandowski to deploy pepper spray to overcome the resistance; and (5) Plaintiff spit in Officer Lewandowski's face and further resisted arrest.  ECF No. 9-5 at 2.

[10] Plaintiff submitted Officer Lewandowski's body cam video as part of his response to City's Motion to Dismiss.  ECF No. 15-1.  Plaintiff does not explain how the Court may consider this evidence on a motion to dismiss, which typically limits the Court to consideration of the complaint and other limited types of evidence enumerated by the Tenth Circuit.  *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (listing types of evidence that may be considered on Rule 12(b)(6) motion without conversion to motion for summary judgment).  The body cam video does not neatly fall into any of the enumerated evidence types.  Without a specific basis on which to consider this video, the Court does not do so.  Instead, the Court relies on Plaintiff's allegations in the Petition regarding what the body cam video shows.

filing date of the Dismissed Petition, pursuant to Fed. R. Civ. P. 15(c)(1).[11]  In addition to other requirements for adding a defendant after the limitations period has expired, Rule 15(c)(1)(C) requires that the plaintiff knew or should have known that, "but for a mistake concerning the proper party's identity," the action would have been brought against the proposed new defendant. Fed. R. Civ. P. 15(c)(1)(C)(ii).[12]

Plaintiff's motion to amend the Petition to add Officer Lewandowski as a defendant is denied for two reasons.  First, although neither party raises this issue, the Court is not persuaded that the proposed amendment could relate back to the filing date of the Dismissed Petition.  Rule 15(c)(1) allows relation back to the date of the "original pleading."  In this case, the original pleading is the current Petition, which was filed outside the statute of limitations for any potential claim against Officer Lewandowski.  A proposed amendment does not "relate back" to a dismissed complaint.  *See generally Wandschneider v. Tuesday Morning, Inc.*, No. 08-CV-522-TCK-FHM, 2011 WL 3319562, at *5 (N.D. Okla. Aug. 1, 2011) (explaining that, after a complaint has been dismissed, there is nothing to "amend" and therefore relation-back doctrine cannot apply to

---

[11] The Court applies federal procedural law in deciding Plaintiff's motion.  In this instance, Rule 15(c) and Oklahoma's relation-back law are aligned, and the Court's analysis would be the same applying Oklahoma law.  Oklahoma's relation-back doctrine, codified at Okla. Stat. tit. 12, § 2015(C), is virtually identical to Rule 15(c).  Oklahoma has therefore expressly adopted the construction placed upon Rule 15(c) by the federal courts in interpreting § 2015(C).  *Pan v. Bane*, 141 P.3d 555, 558-59 (Okla. 2006).

[12] Fed. R. Civ. P. 15(c)(1) provides: "*When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

dismissed complaint, collecting cases). Amending the February 2025 Petition to add claims against Officer Lewandowski would be futile as outside the statute of limitations. *See id.* at *3 (explaining that a court may deny a motion for leave to amend as futile if the proposed amended complaint would be subject to dismissal for any reason) (citing *E.SPIRE Commc'ns, Inc. v. N.M. Public Reg. Commc'n*, 392 F.3d 1204, 1211 (10th Cir. 2004)).

Second, even assuming Plaintiff could satisfy the other requirements for relation back to the Dismissed Petition, Plaintiff does not satisfy the "mistake of identity" requirement of Rule 15(c)(1)(C)(ii). "[T]he question under Rule 15(c)(1)(C)(ii) is what the prospective defendant reasonably should have understood about the plaintiff's intent in filing the original complaint against the first defendant." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 553-54 (2010). *See John v. 81 Yale Apartments, LLLP*, No. 18-CV-0039-CVE-FHM, 2018 WL 3618370, at *3 (N. D. Okla. July 30, 2018) (explaining that, to satisfy "mistake" requirement under Rule 15(c), "'it must appear that within the [service] time frame the newly-designated defendant either knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity'") (quoting *Coons v. Industrial Knife, Inc.*, 620 F.3d 38, 42 (1st Cir. 2010)).

Here, Plaintiff does not explain the basis for any possible "mistake" in not naming Officer Lewandowski as a defendant in the Dismissed Petition. The Dismissed Petition (filed by previous counsel) names only City as defendant, and it states that Plaintiff brought his cause of action against the singular "above-named Defendant." ECF No. 9-3 at 1. Officer Lewandowski is identified by name multiple times throughout the Dismissed Petition as the officer whose conduct formed the basis of Plaintiff's case. Plaintiff identifies no "mistake" related to Officer Lewandowski's identity, role, or involvement that would permit the relation-back doctrine to apply. Because Plaintiff correctly identified Officer Lewandowski, his role, and his alleged conduct in the Petition but named only Officer Lewandowski's employer as defendant, it was

reasonable for Officer Lewandowski to believe Plaintiff's failure to name him in the Petition was not due to a mistake regarding his identity as a proper defendant but was the result of a deliberate and informed choice. *See Krupski*, 560 U.S. at 552 (explaining that, "[w]hen the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity, the requirements of Rule 15(c)(1)(C)(ii) are not met").

Because the relation-back doctrine does not apply to Plaintiff's claims against Officer Lewandowski individually, Plaintiff's motion to add him as a defendant is denied.

### IV.    Conclusion

For the reasons detailed above, Defendant City of Tulsa's Motion to Dismiss (ECF No. 9) is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** as to the common law claims for False Arrest (Count V) and Malicious Prosecution (Count VI), and those claims are **DISMISSED WITH PREJUDICE** as untimely. The motion is **DENIED** as to all other claims (Counts I-IV and VII).

For the reasons detailed above, Plaintiff's Opposed Motion to Add Party Defendant (ECF No. 17) is **DENIED**.

**SO ORDERED** this 28th day of May, 2025.

*[signature]*
**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**